IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**JOSEPH WILLIAMS,**

    **Petitioner,**

v.                                     Case No. 5:06-cv-01043

**CHARLES T. FELTS, Warden,
FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 14, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket sheet document # 1) and an Application to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> (# 2). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 14, 1999, following a three-day jury trial, Petitioner was convicted in the United States District Court for the Middle District of North Carolina of one count of bank robbery, in violation of 18 U.S.C. § 2113(a), on count of bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(d), and one count of carrying and using a firearm during a bank robbery, in

violation of 18 U.S.C. § 924(c)(1).  (See United States v. Williams, Case No. 1:99-cr-00045-WLO-1 (M.D.N.C.), docket sheet document # 18).

On July 1, 1999, Petitioner was sentenced to terms of imprisonment of 262 months on Counts One and Two, with those terms to run concurrently, followed by a consecutive term of 60 months, followed by a 5-year term of supervised release on Counts One and Two and a three-year term of supervised release on Count Three, all of those terms to run concurrently.  Petitioner was also ordered to pay $33,075 in restitution, jointly and severally with his co-defendant, and a $300 special assessment.  A Judgment to that effect was entered on July 21, 1999.  (Id., # 24).

Petitioner appealed his Judgment to the United States Court of Appeals for the Fourth Circuit, alleging that the district court erred in failing to suppress an impermissibly suggestive photographic array and further erred in declining to give a supplemental instruction concerning evidence Petitioner considered to be irrelevant and potentially confusing.  The Fourth Circuit affirmed his conviction and sentence on April 19, 2000.  (Id., # 36)(United States v. Williams, No. 99-4532, 211 F.3d 1266 (4th Cir., Apr. 19, 2000).

On April 13, 2001, Petitioner filed a "Motion to Extend Time to File a 28 U.S.C. § 2255 Petition."  (Id., # 38).  The District Court in North Carolina denied that motion on April 20, 2001.

(Id., # 39). Petitioner took no further action in the North Carolina federal court.

Petitioner is presently incarcerated at FCI Beckley, in Beaver, West Virginia. On December 14, 2006, Petitioner filed the instant Application under 28 U.S.C. § 2241 for a Writ of Habeas Corpus in this United States District Court (docket sheet document # 1). The petition alleges a violation of Petitioner's protection against being placed in double jeopardy under the Fifth Amendment to the United States Constitution, on the basis that he was convicted of a violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d). Petitioner claims that this constituted two convictions arising out of the same offense. (# 1, Memo at 7-8). Petitioner also appears to be asserting a claim of ineffective assistance of counsel in violation of his Sixth Amendment rights, based upon his counsel's failure to raise his double jeopardy claim in his underlying criminal proceedings. (Id. at 9).

## ANALYSIS

The instant section 2241 petition amounts to a request for collateral review of Petitioner's conviction and sentence. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . .

detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Petitioner failed to file a timely section 2255 motion. Therefore, he is barred from seeking such relief. It appears that Petitioner has filed the instant section 2241 petition in this court in an attempt to circumvent that procedural bar, which he cannot do.

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned

has carefully examined Petitioner's Petition for Writ of Habeas Corpus and has concluded that it plainly appears that Petitioner is not entitled to relief in this case.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 motion (# 1) and his Application to Proceed in forma pauperis (# 2) and dismiss this matter from the court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

   January 22, 2007
         Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge