**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JOSEPH WILLIAMS,

        Petitioner,

v.                                CIVIL ACTION NO. 5:06-cv-01043

CHARLES T. FELTS,

        Respondent.

**MEMORANDUM OPINION**

Pending before the Court are Petitioner's § 2241 Petition for Writ of Habeas Corpus [Docket 1] and Application to Proceed Without Prepayment of Fees [Docket 2]. By Standing Order entered August 1, 2006 and filed in this case on December 14, 2006, this matter was referred to Magistrate Judge Mary E. Stanley for the submission of a Proposed Finding of Fact and Recommendation (PF&R). The magistrate judge filed her PF&R [Docket 5] on January 22, 2007, recommending that Petitioner's § 2241 petition be denied, and that Petitioner's application to proceed *in forma pauperis* also be denied.

*I. BACKGROUND*

The background of this case is set forth more fully in the PF&R. In short, on April 14, 1999, Petitioner was convicted by a jury in the United States District Court for the Middle District of North Carolina of one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One), one

count of bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(d) (Count Two), and one count of carrying and using a firearm during a bank robbery, in violation of 18 U.S.C. § 924(c)(1) (Count Three). On July 1, 1999, he was sentenced to terms of imprisonment of 262 months on Count One and Count Two, with those terms to run concurrently, followed by a consecutive term of 60 months on Count Three.

Petitioner appealed, but his conviction and sentence were affirmed. Thereafter, on April 13, 2001, Petitioner filed a motion for an extension of time in which to file a 28 U.S.C. § 2255 motion. That motion was denied by the district court, and as a result, Petitioner has not filed a § 2255 motion in the Middle District of North Carolina.

On December 14, 2006, Petitioner, who is currently incarcerated at FCI Beckley in Beckley, West Virginia, filed this § 2241 petition alleging that his convictions on Counts One and Two ran afoul of the double jeopardy clause of the Fifth Amendment. Magistrate Judge Stanley also construed his petition to allege an ineffective assistance of counsel claim based on his lawyer's failure to raise the double jeopardy argument in his criminal proceeding.

## II. THE PF&R

In her PF&R, Magistrate Judge Stanley recommended that this Court find that Petitioner's § 2241 petition amounts to a collateral attack on his conviction and sentence, which is barred under 28 U.S.C. § 2255 unless there is a showing that a § 2255 motion is inadequate or ineffective.[*]

---

[*] Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the
> (continued...)

2

Because Petitioner failed to file a timely § 2255 motion in the Middle District of North Carolina, the magistrate judge recommended that this Court hold that he is barred from seeking relief in this Court because his § 2241 petition is an attempt to circumvent the procedural requirements of § 2255. Having carefully reviewed the petition, Magistrate Judge Stanley concluded that Petitioner is "plainly" not entitled to relief in this Court.

### III. OBJECTIONS TO THE PF&R

Petitioner objects to the magistrate judge's proposed finding that § 2255 is the "exclusive remedy for federal prisoners to test the validity of their federal judgment." (Docket 6 at 2.) He argues that Congress' failure to repeal § 2241 demonstrates that a federal prisoner could use that statute as a means to "[c]hallenge his confinement." (*Id.*) According to Petitioner, because he is being held in violation of the Constitution, § 2241 provides him with an avenue for relief.

### IV. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

---

*(...continued)
    remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge Stanley's PF&R were due by February 2, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Petitioner timely filed his Objections to the PF&R [Docket 6] on that date.

### *V. DISCUSSION*

"If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion under 28 U.S.C. § 2255 in the court in which he was convicted." *Short v. Shultz*, No. 7:08CV00057, 2008 U.S. Dist. LEXIS 37097, at *4 (W.D. Va. May 6, 2008) (unpublished) (citing *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)). However, a prisoner may obtain relief pursuant to 28 U.S.C. § 2241 when a petition brought under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In this case, because Petitioner is challenging the legality of his current sentence, not the execution of his sentence, unless the so-called "savings clause" of § 2255 applies, he may only bring his motion in the Middle District of North Carolina. *See* 28 U.S.C. § 2255; *White v. Rivera*, 518 F. Supp. 2d 752, 754 (D.S.C. 2007) (citations omitted) (stating that the "savings clause" of § 2255 "permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is 'inadequate or ineffective to test the legality of . . . detention[]'").

In order to overcome the procedural constraints of § 2255 and avail himself of § 2241, the Fourth Circuit has held that a petitioner must meet the standard announced in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). In that case, the court stated:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established

> the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id*.

The Fourth Circuit has strictly interpreted this rule, and has consistently held that when a petitioner fails to meet each element of the three-part test, § 2255 is neither inadequate nor ineffective, and a petitioner may not proceed under § 2241. *See, e.g.*, *United States v. Coor*, 226 F. App'x 267 (4th Cir. 2007) (unpublished); *James v. Hickey*, 216 F. App'x 324 (4th Cir. 2007) (unpublished); *Kimble v. Lamanna*, 182 F. App'x 190 (4th Cir. 2006) (unpublished); *Hanely v. Williamson*, 82 F. App'x 844 (4th Cir. 2003) (unpublished).

Here, Petitioner does not argue that he meets the *Jones* standard. Moreover, Petitioner does not dispute that relief under § 2255 is time-barred. That fact, as the magistrate judge concluded, does not render a § 2255 motion inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D. W. Va. 2001) (Haden, C.J.). Therefore, Petitioner fails to demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention. *See In re Jones*, 226 F.3d at 333. Consequently, he has failed to establish the grounds for relief pursuant to § 2241 and his objection is **OVERRULED**.

### *VI. CONCLUSION*

Based on the foregoing, the Court **ADOPTS** the PF&R [Docket 5], **OVERRULES** Petitioner's Objections [Docket 6], **DENIES** Petitioner's § 2241 Petition for Writ of Habeas Corpus [Docket 1], and **DENIES** Petitioner's Application to Proceed Without Prepayment of Fees [Docket

2].  A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: June 5, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE